UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUSTIN PASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-cv-814 (RCL) |
| | ) | |
| CAPITAL CITY REAL ESTATE LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court are five motions to dismiss plaintiff Justin Pass's complaint. Dkt. Nos. 12, 14, 19, 30, 34. Upon considering the motions, oppositions, and replies, the Court GRANTS all motions to dismiss.

**I.   Introduction**

In February 2011, plaintiff entered negotiations to purchase a unit in the Mintwood Condominium development with various defendants. Compl. ¶ 25. The parties dispute a number of issues, including whether the plaintiff and seller defendants entered a binding sales contract. Defs.' Mem. Supp. Mot. Dismiss [12-1] 8; Pl.' Mem. Opp'n Mot. Dismiss [17-1] 11. For the purposes of this decision, this Court assumes that the parties entered a sales contract (the "Template Contract") containing the following provision:

> (i) **CHOICE OF SETTLEMENT AGENT**. THE PURCHASER HAS A RIGHT TO SELECT ANY SETTLEMENT AGENT TO HANDLE THE CLOSING OF THIS TRANSACTION. THE SETTLEMENT AGENT'S ROLE IN CLOSING YOUR TRANSACTION INVOLVES THE COORDINATION OF NUMEROUS ADMINISTRATIVE AND CLERICAL FUNCTIONS RELATING TO THE COLLECTION OF DOCUMENTS AND THE COLLECTION AND DISBURSEMENT OF FUNDS REQUIRED TO CARRY OUT THE TERMS OF THE CONTRACT BETWEEN THE PARTIES. IF PART OF THE PURCHASE

> PRICE IS FINANCED, YOUR LENDER WILL INSTRUCT THE SETTLEMENT AGENT AS TO THE SIGNING AND RECORDING OF LOAN DOCUMENTS AND THE DISBURSEMENT OF LOAN PROCEEDS.
>
> (ii) **Settlement Costs and Expenses** . . . .
>
> If Purchaser uses Seller's Designated Settlement Company of Counselor's Title to conduct the Settlement, Seller shall pay the District of Columbia Transfer Tax (currently 1.1% to 1.45%). If Purchaser shall use another attorney, title company or settlement agent to conduct the Settlement, Purchaser shall be responsible for the payment of the District of Columbia Transfer Tax.

Compl. ¶ 30. Plaintiff asserts that this contract provision violates the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Compl. ¶¶ 79–100. Plaintiff's pleads ten additional counts asserting various D.C. statutory and common law claims. Compl. ¶¶ 101–175.

## II.   Standard of Review

A motion to dismiss is appropriate when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome this hurdle, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The Court must "accept as true all of the factual allegations contained in the complaint," *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court may not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id.* In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Atherton*, 567 F.3d at 681 (holding that a

complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

**III.    Analysis**

Plaintiff's first Count alleges that defendants have violated the Real Estate Settlement Procedures Act of 1974, specifically 12 U.S.C § 2608.  Compl. ¶ 80; Pub. L. No. 93-533, § 9(A), 88 Stat. 1724, *codified in* 12 U.S.C. § 2608.  Section 2608 provides that "[n]o seller of property . . . shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."  The so-called "required-use" provision of § 2608 has been defined in Department of Housing and Urban Development Regulation X:

> Required use means a situation in which a person must use a particular provider of a settlement service in order to have access to some distinct service or property, and the person will pay for the settlement service of the particular provider or will pay a charge attributable, in whole or in part, to the settlement service.  However, the offering of a package (or combination of settlement services) or the offering of discounts or rebates to consumers for the purchase of multiple settlement services does not constitute a required use. Any package or discount must be optional to the purchaser. The discount must be a true discount below the prices that are otherwise generally available, and must not be made up by higher costs elsewhere in the settlement process.

24 C.F.R. § 3500.2.[1]

In this case, the Template Contract provides that plaintiff, as buyer, has "a right to select any settlement agent to handle the closing of this transaction."  Compl. ¶ 30.  It also provides that the seller pay the District of Columbia Transfer Tax if plaintiff selects Counselor's Title LLC as the settlement agent.  *Id.*  Otherwise, the Template Contract requires that the plaintiff pay the Transfer Tax.  *Id.*

---

[1] The "provision of . . . title insurance policies" qualifies as a settlement service under Regulation X.  24 C.F.R. § 3500.2(4).

Plaintiff argues that the Transfer Tax provision creates a "de facto . . . 'requiring' the use of [title insurance] services," while conceding that the contract contains no explicit requirement to purchase title insurance from Counselor's Title. Pl. Opp'n [17] 7. Plaintiff relies on the fact that the Template Contract obliges plaintiff to pay the District of Columbia Recordation Tax. Plaintiff alleges that the "custom and practice" in the District of Columbia is for the buyer and seller to evenly split the Recordation Tax and the Transfer Tax. Compl. ¶ 87. Plaintiff contends that "here, the normal [tax] arrangement is only available if a buyer will use the seller's title agent." Pl. Opp'n [17] 7–8. Accordingly, plaintiff argues that he must pay an approximately $4,015 "penalty"—the amount of the D.C. Transfer Tax—in order to choose his own title insurance company. Compl. ¶ 89.

This type of "economic coercion" argument has been rejected by other courts. *See Hopkins v. Horizon Mgmt. Servs., Inc.*, 515 F. Supp. 2d 649, 657–58 (D.S.C. 2007) ("the fact that a lender's requirements might limit the Plaintiff's choice of title insurance company is irrelevant to the question of whether the seller required the Plaintiff to use any particular title insurance company."), *aff'd* 302 F. App'x. 137, 140–141 (4th Cir. 2008). "The offering of a package" or "discounts" is perfectly acceptable under Regulation X § 3500.2. Not surprisingly, plaintiff can cite no case where his novel theory of liability has been accepted by the courts. If plaintiff was unhappy with the Template Contract's tax provisions, plaintiff was free to negotiate a lower sales price or a different tax arrangement. Nothing in the Template Contract prohibited Plaintiff from purchasing title insurance from the company of his choice and, in fact, plaintiff had engaged Worldwide Land Transfer to conduct settlement and title insurance services. Compl. Ex. 2. Therefore, plaintiff has insufficiently plead a violation of RESPA § 2608 and Count I is hereby DISMISSED WITH PREJUDICE.

**IV.     Conclusion**

This Court has discretion to decline to exercise supplemental jurisdiction over plaintiff's remaining District of Columbia statutory and common law claims because this Court has dismissed the claim over which it had original jurisdiction—plaintiff's RESPA claim.  28 U.S.C. § 1367(c)(3)   This case is well before trial and no significant discovery has taken place. *Anderson v. Holder*, 647 F.3d 1165 (2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")).  Therefore, remaining Counts in the plaintiff's complaint are hereby DISMISSED WITHOUT PREJUDICE.

A separate Order consistent with these findings shall be entered this date.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on February 1, 2012.